IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANA VASQUEZ | : | |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | |
| SHEETZ INC. | : | |
| | : | NO. |
| Defendant | : | |

## COMPLAINT

The Plaintiff, Ana Vasquez, by and through his attorneys, Anzalone Law Offices, LLC, hereby complains against the Defendant, Sheetz Inc., averring in support thereof as follows:

## THE PARTIES

1. The Plaintiff, Ana Vasquez, is an adult individual who resides and is domiciled at 195 E. Main Street, Wilkes-Barre, Luzerne County, Pennsylvania 18702.

2. The Defendant, Sheetz, Inc., hereinafter referred to as "Sheetz", is a Pennsylvania corporation with its principle office located at 5700 Sixth Avenue, Altoona, Pennsylvania 16602, and is a citizen of the State of Pennsylvania.

3. The Defendant, Sheetz Stores, Inc., maintains significant contacts and regularly and continually conducts business in the Middle District of Pennsylvania, thereby making venue appropriate pursuant to 28 U.S.C.A. Section 139l(a).

4. The amount in controversy herein, exclusive of interest and costs, is in excess of the amount of seventy-five thousand dollars ($75,000.00) and the jurisdiction of this Court is based upon the diversity of citizenship, 28 U.S.C. Section 1332.

5. At all times relevant hereto, the Defendant, Sheetz, was in possession and control of a store located at 464 Wilkes-Barre Township Boulevard, Wilkes-Barre, Luzerne County, Pennsylvania 18702.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Defendant, Sheetz, because the Defendant, Sheetz, maintains significant contacts in the Middle District of Pennsylvania, and it continually and regularly conducts business in multiple counties in the Middle District of Pennsylvania thereby making venue in the Middle District of Pennsylvania proper pursuant to 28 U.S.C.A. § 1391(a).

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Additionally, venue is proper in the Middle District pursuant to 28 U.S.C.A. § 1391(b)(2) because the accident giving rise to this suit occurred in Pittston, Luzerne County, which is in the Middle District of Pennsylvania.

## FACTS

9. On September 21, 2021, the aforementioned Sheetz store location was open to the public and the Plaintiff, Ana Vasquez, was a business invitee.

10. On the aforementioned date, the Plaintiff, Ana Vasquez, was a business invitee at the Sheetz, to use the automated teller machine.

11. The Plaintiff, Ana Vasquez, began to walk out of the store past a soda/slushy machine.

12. At that time, the Plaintiff, Ana Vasquez, suddenly and without warning, slipped on fluid that was either dripping from the machine or had been spilled near it.

13. At all times material hereto, the Defendant, Sheetz, failed to ensure that its premises was free of hazards; failed to place mats down; failed to clean up liquid; failed to

provide warning signs indicating to the public that the floor was slippery; and, otherwise gave no indication that this was a hazard that could cause the Plaintiff, Ana Vasquez, to fall and sustain her injuries.

14. As a result of the Plaintiffs, Ana Vasquez's, sudden fall, she sustained injuries that include but are not limited to the following:

   (a) Neck injury;

   (b) Back injury; and

   (c) Right knee injury;

15. As a result of the aforementioned injuries, the Plaintiff, Ana Vasquez has treated with and incurred medical bills from numerous medical care providers, and a specific amount will be produced in the course of discovery and a claim for same is hereby made.

16. The Plaintiff, Ana Vasquez, has been informed, believes and therefore avers that her injuries are permanent in nature and will require future medical care and treatment and a claim for same is hereby made.

17. As a further result of the injuries sustained in this incident, the Plaintiff, Ana Vasquez, was rendered sick, sore, disabled and sustained severe physical and mental pain as well as great discomfort, all of which required medical care and treatment as previously stated herein.

18. As a result of the aforementioned injuries and negligence of the Defendant, Sheetz, the Plaintiff, Ana Vasquez, has sustained and will continue to sustain a loss of everyday pleasures and enjoyments of life, and a claim for same is hereby made.

19. As a further result of the aforementioned injuries, the Plaintiff, Ana Vasquez, has been unable to perform her activities of daily living and believes and therefore avers that she will be unable to perform these activities of daily living for an indefinite time into the future.

WHEREFORE, the Plaintiff, Ana Vasquez, hereby demands judgment in her favor and against the Defendant, Sheetz, Inc., in an amount in excess of seventy-five thousand ($75,000.00) dollars.

## COUNT I
## ANA VASQUEZ
## vs.
## SHEETZ, INC.

20. The Plaintiff incorporates herein by reference Paragraphs I through 19 as though the same were set forth herein at length.

21. At all times relevant herein, the Defendant, Sheetz, and its employees and/or agents were acting within the course and scope of their employment and/or agency, and had a responsibility and/or duty to maintain the premises of the Sheetz, including making sure that the vestibule, walkways and entryways and exits were clear of obstruction and hazards and to ensure that the same were safe for invitees, including the Plaintiff herein, Ana Vasquez.

22. The carelessness and negligence of the Defendant, Sheetz, its employees and/or agents acting within the course and scope of their employment and/or agency, specifically at the premises of Sheetz located at 464 Wilkes-Barre Township Boulevard, Wilkes-Barre, Pennsylvania, with said negligence and carelessness consisting of the following:

(a) In then and there failing to properly inspect and maintain the premises, including vestibule, walkways and floors;

(b) In then and there failing to keep the premises in a reasonably safe condition for the uses intended;

(c) In then and there failing to remedy a dangerous condition or warn its invitees, including the Plaintiff, Ana Vasquez, of the dangerous condition that the Defendant knew or should have known existed;

(d) In then and there failing to keep the premises in a reasonably safe condition for its invitees;

(e) In then and there disregarding the rights and safety of the Plaintiff, Ana Vasquez, and any and all other persons who were lawfully upon the property;

(f) In then and there failing to implement and carry out safe maintenance policies and procedures designed to protect its customers from dangerous and hazardous conditions;

(g) In then and there failing to use signage to advise invitees, including the Plaintiff, Ana Vasquez, of any unsafe conditions in the store; and,

(h) In then and there failing to otherwise warn invitees of the dangerous condition.

WHEREFORE, the Plaintiff, Ana Vasquez, hereby demands judgment in her favor and against the Defendant, Sheetz, Inc., in an amount in excess of seventy-five thousand ($75,000.00) dollars.

Respectfully submitted,

ANZALONE LAW OFFICES, LLC

*Aaron S. Decker*
AARON S. DECKER, ESQUIRE
I.D. NO 80653
KELLY M. CIRAVOLO, ESQUIRE
I.D. NO 200565
98 S Franklin Street
Wilkes-Barre, PA 18701
Attorneys for Plaintiff

## VERIFICATION

I, Ana Vasquez, the Plaintiff herein, certify that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge and belief and are made subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

_____
ANA VASQUEZ

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

_____*Aaron S. Decker*_____
Aaron S. Decker, Esquire
Attorney for Plaintiff